UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:                                                    Case No. GL 21-02705-jtg

JACQUELYN B. SANDERS-DAVENPORT,                           Chapter 7

          Debtor.                                         Hon. John T. Gregg

_____/

MICHAEL S. MAHONEY, PC,

          Plaintiff,                                      Adv. Proc. No. 22-80023-jtg
v.

JACQUELYN B. SANDERS-DAVENPORT,

          Defendant.

_____/

**OPINION REGARDING MOTION TO DISMISS**
**PURSUANT TO FED. R. BANKR. P. 7012**

APPEARANCES:  Andrew J. Gerdes, Esq., ANDREW J. GERDES, PLC, Lansing, Michigan, for Jacquelyn B. Sanders-Davenport; Michael S. Mahoney, Esq., MICHAEL S. MAHONEY, PC, Lansing, Michigan, for Michael S. Mahoney, PC

          Michael S. Mahoney, PC, the plaintiff in this adversary proceeding (the "Attorney"), filed a complaint [Adv. Dkt. No. 1] (the "Complaint") seeking a determination that the debt owed by Jacquelyn B. Sanders-Davenport, its former client in a prepetition divorce action and the debtor in the underlying bankruptcy case (the "Debtor"), is non-dischargeable pursuant to section 523(a)(5) of the Bankruptcy Code.[1]  In response to the Complaint, the Debtor filed a motion to dismiss and brief in support thereof [Adv. Dkt. No. 4] (the "Motion") under Bankruptcy Rule 7012.  The Debtor

---

[1]      The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*.  Specific sections of the Bankruptcy Code are identified herein as "section ___."  The Federal Rules of Bankruptcy Procedure are set forth in Fed. R. Bankr. P. 1001 *et seq.* and are identified herein as "Bankruptcy Rule __."  The Federal Rules of Civil Procedure are set forth in Fed. R. Civ. P. 1 *et seq.* and are identified herein as "Rule __."  Citations to "[Adv. Dkt. No. ___]" are to entries on the docket in this adversary proceeding.

argues that because the debt is not a "domestic support obligation" as defined in section 101(14A) and incorporated by reference into section 523(a)(5), the Complaint fails to state a claim upon which relief can be granted.  For the following reasons, the court shall grant the Motion.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1334(a).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## BACKGROUND

The facts set forth herein are taken from the Complaint and this court's docket.  Prior to the petition date, the Attorney agreed to represent the Debtor in connection with a divorce proceeding pursuant to the terms of a retention agreement. (Compl. at ¶ 9, Ex. 1.)  With assistance from the Attorney, the Debtor commenced a civil action for the dissolution of marriage in the Circuit Court for the County of Ingham, Michigan, which ultimately entered a judgment of divorce awarding the Debtor (*i.e.*, the obligee) support from her former spouse (*i.e.*, the obligor).  (Compl. at ¶¶ 10-12, Ex. 3.)  The judgment of divorce provided, among other things, that "neither party is obligated to pay the attorney fees of the other party, in whole or in part."  (Compl. at Ex. 3.) Beyond that provision, the judgment of divorce makes no mention of attorney's fees.

When the Debtor failed to satisfy the Attorney's legal bills from the divorce proceeding, the Attorney commenced a civil action in the 54-A District Court, County of Ingham, Michigan. (Compl. at ¶ 14.)   The state district court entered a default judgment in the amount of approximately $4,400 in favor of the Attorney and against the Debtor.  (Compl. at ¶ 15,  Ex. 4.)

On December 15, 2021, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court.  Thereafter, the Attorney timely commenced this adversary proceeding by filing its Complaint seeking relief under section 523(a)(5).  In lieu of answering the

Complaint, the Debtor filed her well-written Motion in which she argues that the debt she owes to the Attorney is nothing more than a debt for breach of a contract, not a debt that can in any way be characterized as a domestic support obligation.  The Attorney filed a response [Adv. Dkt. No. 5] (the "Response") contending that it has properly set forth a claim upon which relief can be granted because "[a]ttorney's fees incurred in seeking an award of support, are excepted from discharge." (Resp. at p. 6.)

At the conclusion of a hearing, the court decided to grant the Motion for the reasons set forth on the record.[2]  This Opinion is intended to supplement the court's bench opinion.

## **LEGAL STANDARD**

Rule 12 is incorporated by Bankruptcy Rule 7012 and provides, in pertinent part, that a party may seek dismissal of a complaint for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (quotation omitted).  In determining a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and construe all inferences from those allegations in favor of the plaintiff.  *Gavitt v. Born*, 835 F.3d 623, 639-40 (6th Cir. 2016) (citation omitted); *see Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted) (court may consider documents attached to pleadings for purposes of motion to dismiss).

---

[2]     The court gave a fairly limited bench opinion because (i) the Attorney never appeared for the hearing, and (ii) the court previously dismissed a similar, if not identical, complaint filed by the Attorney in an unrelated adversary proceeding. *Michael S. Mahoney, PC v. Russell (In re Russell)*, Adv. Proc. No. 21-80091 (Bankr. W.D. Mich. Dec. 15, 2021).  The court delayed entering an order regarding the Motion so as to provide the Attorney with an opportunity to request a rehearing given its failure to appear at the hearing.  However, the Attorney recently contacted the court to inquire when an order would be entered.

A court must determine whether a complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but instead requires more than a "sheer possibility" that the defendant has committed the misconduct. *Id.* If the complaint pleads only facts that are merely "consistent with" a defendant's liability, the complaint has fallen short and has merely alleged, but not shown, that the plaintiff is entitled to relief. *Id.*

## DISCUSSION

Section 523(a) provides, in pertinent part, that a discharge under section 727 "does not discharge an individual debtor for any debt — . . . for a domestic support obligation." 11 U.S.C. § 523(a)(5). Section 101(14A) in turn defines a "domestic support obligation" as:

> a debt . . . that is—
>
> (A)    owed to or recoverable by—
>
> > (i)    a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> >
> > (ii)    a governmental unit;
>
> (B)    in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C)    established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> > (i)    a separation agreement, divorce decree, or property settlement agreement;

> (ii)    an order of a court of record; or
>
> (iii)   a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D)    not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A) (emphasis added).  Section 101(14A) is written in the conjunctive, meaning a party asserting a domestic support obligation must satisfy each of subsections (A) through (D).  *See, e.g.*, *Logan v. Basic Distrib. Corp. (In re Fred Hawes Org., Inc.)*, 957 F.2d 239, 243-44 (6th Cir. 1992) (the term "and" establishes "separate, discrete, and independent requirements").

As concisely explained by another court:

> [T]hree lines of authority have emerged on the question of whether a debt that is in the nature of support and owed directly to a third party not listed among section 101(14A) . . . is excepted from discharge.  The first line of authority follows the "plain meaning" approach.  This approach maintains that the dischargeability of the debt turns on whether it is . . . payable to or recoverable by a person/entity described in § 101(14A).  The second line of authority reasons that if a debt is in the nature of support, it is nondischargeable even if payable directly to a third party and even if the debtor's spouse, former spouse or parent of his/her child would not be financially harmed if the debtor discharged the obligation.  Under this approach, the nature of the debt rather than the identity of the payee is controlling.  A third line of authority, which is more limited, requires some ongoing liability of the debtor's spouse, former spouse, or parent of the debtor's child on the support obligation owing to a third party.

*In re Corson*, 629 B.R. 1, 5-6 (Bankr. D. N.H. 2021) (internal citations and quotations omitted).

Section 101(14A)(A) provides that a debt for a domestic support obligation must be "owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative . . . or a governmental unit."  When the plain meaning of the statute is applied, it is fairly obvious that the Attorney is not any of the entities listed.  *See, e.g.*, *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) (citations omitted).  Instead, the

Attorney is simply the Debtor's former attorney and now a judgment creditor. Because the Attorney cannot satisfy the first subsection of section 101(14A)(A) due to its plain meaning, this court's inquiry is arguably complete.

Implicitly conceding that it is not technically one of the entities identified in section 101(14A)(A), the Attorney contends that the "nature of the debt," not the identity of the domestic support obligee, should control. (Resp. at p. 8.) In other words, the Attorney argues that section 101(14A)(A) can be diluted so long as section 101(14A)(B) is satisfied.

Section 101(14A)(B) provides that a debt constituting a domestic support obligation must be "in the nature of alimony, maintenance, or support. . ." The Sixth Circuit Court of Appeals has explained that in order to establish that a debt is "in the nature of support," two conditions must be satisfied. *Thomas v. Clark (In re Thomas)*, 591 F. App'x 443, 445 (6th Cir. 2015) (citations omitted). The state court or the parties must have "intended to create a support obligation." *Id*. (internal quotations and citations omitted). And, the debt must have "the actual effect of providing necessary support." *Id*. (internal quotations and citations omitted).

To that end, attorney's fees *incurred by an obligee* may be *included* as part of a domestic support obligation that is *owed by the obligor*. *Rugiero v. DiNardo (In re Rugiero)*, 502 Fed. App'x 436, 438 (6th Cir. 2012) (applying Michigan law).[3] The rationale for such relief is to

---

[3] In a published decision, the Sixth Circuit has concluded that an attorney lacked "standing" to seek a determination that attorney's fees owed by a domestic support obligor to the obligee pursuant to a divorce decree are non-dischargeable. *O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears v. Perlin (In re Perlin)*, 30 F.3d 39, 42 (6th Cir. 1994) (applying Arizona law). The Sixth Circuit determined that the attorney had no enforceable right to payment given that the obligor and the obligee were the only two parties to the divorce proceeding and the divorce decree only affected their relationship. *Id*. at 41. The Sixth Circuit also carefully distinguished decisions by other courts where (i) the attorney was a third-party beneficiary by virtue of an agreement, (ii) the divorce decree itself required the domestic support obligor to satisfy the attorney's fees incurred by the obligee, (iii) the party seeking the determination was the obligee, or (iv) the issue of standing was not addressed. *Id*. at 42.

In this adversary proceeding, the judgment of divorce only affected the relationship between the Debtor and her former spouse. Therefore, *Perlin*, which neither party addressed, seems to indicate that the Attorney lacks standing. Regardless, the court need not dwell on the issue by requiring briefing and in the process only delaying the inevitable - - dismissal.

"vindicate" the domestic support obligee by protecting him or her from exorbitant legal costs that might otherwise deter the obligee from enforcing his or her rights against the obligor. *Id*. at 439; *accord In re Thomas*, 591 F. App'x at 445.

In this adversary proceeding, the Attorney has not pleaded facts sufficient to satisfy section 101(14A)(B). First, the Complaint fails to allege that the state court or the only two parties involved in the divorce proceeding (*i.e.*, the Debtor and her former spouse) intended to create a support obligation in favor of the Attorney. There is simply nothing in the judgment of divorce that could be interpreted as an intention to award support to the Attorney for the fees owed by its own client.[4]

Second, the Complaint contains no allegation that the debt owed to the Attorney by the Debtor provided the Debtor with "necessary support." Why doesn't it? Because the debt that the Debtor owes to the Attorney would actually deplete any support awarded to her from her former spouse under the judgment of divorce. To put it another way, by commencing this adversary proceeding, the Attorney is not taking action to somehow "vindicate" the rights of the Debtor. *See In re Rugiero*, 502 Fed. App'x at 439. To the contrary, the Attorney is taking action to vindicate its own rights to the detriment of the Debtor. Accordingly, the court easily concludes that the Complaint fails to state that the debt owed to the Attorney is "in the nature of alimony, maintenance, or support" under section 101(14A)(B).

Citing to decisions from other courts, the Attorney argues that its claim for attorney's fees is somehow elevated to a debt that is in the nature of support.[5] All of those decisions are

---

[4] At best, the Attorney might have sought to collect the fees owed to it from the Debtor's former spouse, who is the actual obligor. However, any such possibility was foreclosed by the judgment of divorce, which provided that the parties are responsible for their own attorney's fees.

[5] In its Response, the Attorney did not mention this court's previous decision.

distinguishable, as the courts concluded that a domestic support obligee (or, in some cases, even an obligee's attorney) was entitled to recover *from a domestic support obligor* the attorney's fees that the obligee incurred.[6]  In none of the decisions cited by the Attorney did a court conclude that the debt owed by an obligee (*i.e.*, the Debtor) to his or her attorney (*i.e.*, the Attorney) was itself a domestic support obligation owed by the obligee.

---

[6]        The Attorney cites to over twenty decisions throughout the Response and the Complaint. *Beaupied v. Chang (In re Chang)*, 163 F.3d 1138 (9th Cir. 1998) (debtor-obligor's obligation to directly pay attorney's fees of guardian ad litem incurred in custody action nondischargeable); *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355 (5th Cir. 1997) (attorney's fees incurred in representing non-debtor former spouse in state court divorce proceedings are nondischargeable obligations of debtor-obligor even if awarded directly to attorney); *Macy v. Macy*, 114 F.3d 1 (1st Cir. 1997) (attorney's fees incurred by former spouse to collect domestic support obligation from debtor-obligor nondischargeable); *Strickland v. Shannon (In re Strickland)*, 90 F.3d 444 (11th Cir. 1996) (attorney's fees owed by debtor-obligor constitute support for non-debtor former spouse); *Miller v. Gentry (In re Miller)*, 55 F.3d 1487 (10th Cir. 1995) (support obligations owed by debtor-obligor, such as guardian ad litem and psychologist fees incurred in divorce and child support proceedings, deemed nondischargeable even if payable directly to third parties); *Holliday v. Kline (In re Kline)*, 65 F.3d 749 (8th Cir. 1995) (judgment against debtor-obligor for former spouse's attorney's fees in a divorce proceeding nondischargeable even if payable directly to attorney); *Joseph v. J. Huey O'Toole, P.C. (In re Joseph)*, 16 F.3d 86 (5th Cir. 1994) (the debtor-obligor's obligation to pay attorney's fees of former spouse nondischargeable); *Jones v. Jones (In re Jones)*, 9 F.3d 878 (10th Cir. 1993) (domestic support obligation owed by the debtor-obligor encompassing court-ordered attorney's fees for former spouse nondischargeable); *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940 (5th Cir. 1993) (debtor-obligor's obligation to pay guardian ad litem attorney's fees for daughter and attorney's fees for former spouse nondischargeable); *Peters v. Hennehoeffer (In re Peters)*, 964 F.2d 166 (2nd Cir. 1992) (per curiam) (debtor-obligor's obligation to pay attorney's fees to attorney who represented debtor's son nondischargeable); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2nd Cir. 1981) (debtor-obligor's obligation to pay attorney's fees of former spouse in connection with divorce nondischargeable); *Carpenter v. Amos (In re Amos)*, 614 B.R. 866 (Bankr. E.D. Mo. 2020) (debtor-obligor's obligations for attorney's fees and sanctions awarded to non-debtor former spouse by the state court in child support proceeding nondischargeable); *Weems v. Cavaluzzi (In re Cavaluzzi)*, 364 B.R. 363 (E.D. Mo. 2007) (attorney's fees incurred by non-debtor former spouse in enforcing child support is in nature of domestic support obligation owed by the debtor-obligor, even if payable directly to the attorney); *Salerno v. Crawford (In re Crawford)*, 236 B.R. 673 (Bankr. E.D. Ark. 1999) (debtor-obligor's obligation to pay attorney's fees of non-debtor former spouse incurred in enforcing divorce decree nondischargeable under section 523(a)(15)); *Whipple v. Fulton (In re Fulton)*, 236 B.R. 626 (Bankr. E.D. Tex. 1999) (attorney's fees payable by the debtor-obligor to former spouse nondischargeable); *In re Allen*, 217 B.R. 247 (Bankr. S.D. Ill. 1998) (judicial lien filed against the debtor-obligor's home to collect attorney's fees incurred in prepetition paternity action not avoidable under section 522(f)(1)(A) because fee award constitutes domestic support obligation); *Shea v. Shea (In re Shea)*, 221 B.R. 491 (Bankr. D. Minn. 1998) (debtor-obligor's obligation for attorney's fees of non-debtor former spouse in divorce decree non-dischargeable); *Booth v. Ratcliff (In re Ratcliff)*, 195 B.R. 466 (Bankr. C.D. Cal. 1996) (attorney's fees incurred representing non-debtor former spouse in post-divorce child custody proceedings payable by debtor-obligor nondischargeable even if awarded directly to attorney); *Wright v. Wright (In re Wright)*, 184 B.R. 318 (Bankr. N.D. Ill. 1995) (attorney's fees awarded to non-debtor former spouse nondischargeable debt of debtor-obligor); *Lindh v. Brenegan (In re Brenegan)*, 123 B.R. 12 (Bankr. D. Del. 1990) (debtor-obligor's obligation for attorney's fees of non-debtor former spouse constitutes domestic support obligation even if payable directly to attorney); *Calisoff v. Calisoff (In re Calisoff)*, 92 B.R. 346 (Bankr. N.D. Ill. 1988) (attorney's fees awarded to non-debtor former spouse's divorce attorneys nondischargeable).

The Attorney's argument is even further misplaced when decisions that are directly on point are considered. In those decisions, the courts flatly rejected the very claim that the Attorney is attempting to advance in this adversary proceeding. *See, e.g.*, *Eric D. Fein, P.C. & Assoc. v. Young (In re Young)*, 425 B.R. 811, 817-18 (Bankr. E.D. Tex. 2010); *Athanason v. Dunning (In re Dunning)*, 2017 WL 11569124, at *1 (Bankr. M.D. Fla. Jan. 25, 2017); *see also Dean v. Brunsting (In re Dean)*, 231 B.R. 19, 21 (Bankr. W.D.N.Y. 1999) (pre-BAPCPA); *Frey, Lach & Michaels, P.C. v. Lindberg (In re Lindberg)*, 92 B.R. 481, 482-83 (Bankr. D. Colo. 1988) (same).

Indeed, in a decision with facts similar to those presently before this court, the Seventh Circuit Court of Appeals concluded that the debt owed by the debtor to her attorney was not a domestic support obligation, because the attorney was not seeking to have a debt *owed by the obligor* deemed non-dischargeable. *In re Rios*, 901 F.2d 71, 73 (7th Cir. 1990).[7] Illustrating its point, the Seventh Circuit observed that:

> As a legal matter, an ordinary lawyer's bill is no better than a grocer's bill. Indeed, a grocer's argument would be stronger than an attorney's because a parent must necessarily incur grocery expenses to meet his or her obligation to support the child, whereas there is no necessity of suing an absent parent for support. But the grocer's bill is clearly dischargeable in bankruptcy.

*Id*. at 72-73.[8] Accordingly, the Attorney in this adversary proceeding is owed a debt that is akin to, or perhaps even weaker than, a debt owed to a grocer.

In sum, the Attorney has not plausibly alleged that the debt owed by the Debtor constitutes a "domestic support obligation" under section 101(14A), incorporated by reference into section

---

[7]     *Rios* was decided prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which modified the definition of domestic support obligation in section 523(a)(5). Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005). *Rios* nevertheless remains highly persuasive in the context of this adversary proceeding.

[8]     Notwithstanding the Seventh Circuit's holding, the Attorney incredibly cited to *Rios* as a decision supporting its argument. (Compl. at ¶ 18.)

523(a)(5).[9]  The Complaint therefore fails to state a claim upon which relief can be granted, such that it must be dismissed under Bankruptcy Rule 7012.

With that said, if it is "at all possible" that a claim for relief can be stated in a more carefully drafted complaint, a court should provide at least one opportunity to amend.  *Brown v. Matauszak*, 415 Fed. Appx. 608, 614 (6th Cir. 2011) (citation omitted); *see United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (citations omitted).  It appears highly unlikely that the Attorney will be able to plausibly state a claim for relief under section 523(a)(5) in this adversary proceeding.  Nonetheless, because the Attorney is the master of its complaint, the court shall grant it leave to amend.

## CONCLUSION

For the foregoing reasons, the Motion is granted.  The court shall enter a separate order consistent with this Opinion.

---

[9]     Because the Complaint fails to allege facts that satisfy subsections (A) and (B), the court need not address subsections (C) and (D).

**Signed: July 20, 2022**




John T. Gregg
United States Bankruptcy Judge